UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:20-0779

TALIA RODRIGUEZ,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, TALIA RODRIGUEZ ("RODRIGUEZ"), is a natural person, and citizen of the State of Florida, residing in Collier County, Florida.

4. Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), is a corporation organized under the laws of the State of Kansas. It is a citizen of the State of California with its principal place of business at 3111 Camino del Rio N, Suite 103, San Diego, CA 92108.

5. MCM is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

6. Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as that term is defined by the FDCPA.

10. Defendant is a "creditor" as that term is defined by the FCCPA.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiff an alleged debt for a Comenity Capital Bank credit card that she used for personal purposes ("the debt").

12. Plaintiff's account number with Defendant ended in 301080003.

13. Plaintiff retained an attorney to negotiate a resolution of the debt with MCM. A letter stating that the attorney represented Plaintiff was sent via USPS Certified Mail on or about September 3, 2020. The letter was received by Defendant on September 8, 2020. A copy of the representation letter is attached as Exhibit "A."

14. Defendant sent Plaintiff's legal counsel a verification letter dated September 16, 2020. A copy of the letter is attached as Exhibit "B."

15. On or about September 22, 2020, Defendant contacted Plaintiff on her cellular telephone.

16. MCM was aware that Joel D. Lucoff represented and continued to represent the Plaintiff.

17. Plaintiff did not consent to direct communication with MCM.

18. Plaintiff did not initiate any communication with MCM.

19. Within thirty (30) days of any communication, Joel D. Lucoff did not fail to respond to MCM.

20. Plaintiff filed suit against Defendant on September 25, 2020, and Defendant was served the same day.

21. On October 2, 2020, a week after Defendant was served with the prior lawsuit, Defendant contacted Plaintiff on her cellular telephone.

22. The October 2, 2020, phone call was an attempt to collect a debt.

23. MCM was aware that Joel D. Lucoff represented and continued to represent the Plaintiff.

24. Plaintiff did not consent to direct communication with MCM.

25. Plaintiff did not initiate any communication with MCM.

26. Within thirty (30) days of any communication, Joel D. Lucoff did not fail to respond to MCM.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED
## BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

27. Plaintiff incorporates Paragraphs 1 through 9 and 11 through 26.

28. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
### COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)

29. Plaintiff incorporates Paragraphs 1 through 7 and 10 through 26.

30. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Debt Shield Law  
Attorney for Plaintiff  
3440 Hollywood Blvd., Suite 415  
Hollywood, FL 33021  
Tel:   754-800-5299  
legal@debtshieldlawyer.com  
joel@debtshieldlawyer.com  

  /s/ *Joel D. Lucoff*  
Joel D. Lucoff  
Fla. Bar No. 192163